IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN WESTERN HOME INSURANCE COMPANY,**<br><br>                    **Plaintiff,**<br><br>       **v.**<br><br>**SALAMANDER STUCCO, LLC,**<br><br>                    **Defendant.** | **CIVIL ACTION**<br><br>**CASE NO.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, American Western Home Insurance Company, by and through its attorneys Wright & O'Donnell, P.C., hereby submits this Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201, *et seq.*, and in support thereof states as follows:

### THE PARTIES

1. Plaintiff, American Western Home Insurance Company, (hereinafter "American") is an insurance company with its principal place of business in Amelia, Ohio.

2. Defendant, Salamander Stucco, LLC, (hereinafter "Salamander") is a limited liability company whose members are citizens of Pennsylvania.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the dispute between the parties based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1) and (2), as Plaintiff is a citizen of a foreign state, Ohio, and Defendant is a citizen of Pennsylvania.

4. The claims of the Underlying Plaintiffs, as described later in this Complaint, against Defendant Salamander involve an amount in controversy in excess of the jurisdictional limit of $75,000.00.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania.

6. This Court has personal jurisdiction over the Defendant because the Defendant is a citizen of the Commonwealth of Pennsylvania and conducts business within the Commonwealth.

7. An actual and justiciable controversy exists between the parties with respect to the rights of the parties under two policies of liability insurance.

## FACTS

### A. Underlying Action

8. On or about October 20, 2020, 48 Underlying Plaintiffs filed suit in the Lancaster County Court of Common Pleas for alleged damages caused by water intrusion allegedly resulting from deficient construction performed at the Mill Creek Development in Lancaster, Pennsylvania. See the Underlying Complaint attached as Exhibit "A".

9. The Underlying Plaintiffs are the original purchasers and current owners of Carriage Homes constructed within the Mill Creek real estate developments by Charter Homes Building Company and Charter Homes at Mill Creek.

10. The Defendants in the Underlying Action are Charlan Group LP, Charter Homes at Mill Creek, Inc., Charter Homes Building Company, George Desmond, Mill Creek Neighborhood Association, Inc., and Boyd Wilson.

11. Underlying Defendants, Charter Homes at Mill Creek, Inc. and Charter Homes Building Company, (collectively "Charter") filed a Joinder Complaint against Salamander on May 18, 2021. See Joinder Complaint attached as Exhibit "B".

12. The Underlying Complaint avers that the stucco installation did not meet industry standards due to the lack of a seal or edge protection at the perimeter of the stucco, and the lack of drainage to allow water to escape.  See Exhibit A at ¶ 73.

13. The Underlying Complaint avers all of these alleged defects caused water to penetrate the interior of the buildings causing damage.

14. As a result of the alleged damages, the Underlying Complaint asserts 14 Counts against the various Underlying Defendants, including Charter.

15. The Joinder Complaint filed by Underlying Defendant Charter avers Salamander was responsible for performing all work relating to stucco and is liable for all alleged damages caused by the allegedly deficient installation of the stucco.

16. The Underlying Complaint asserts the following claims against Charter:

| | | |
|---|---|---|
| Count I | - | Breach of Contract; |
| Count II | - | Unjust Enrichment; |
| Count II | - | Fraud in the Inducement to enter into contacts to purchase the properties; |
| Count IV | - | Breach of Fiduciary Duty; |
| Count V | - | Negligence; |
| Count VI | - | Fraud; |
| Count VII | - | Breach of Express Warranty; |
| Count VIII | - | Breach of Implied Warranty; |
| Count IX | - | Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and |
| Count XIV | - | Conspiracy in the concealing of the deficient and defective construction. |

17. Specifically, the Underlying Plaintiffs contend the damage was caused by the faulty workmanship in the construction of the buildings.

18. The Underlying Plaintiffs allege Charter failed to construct the buildings and common facilities in accordance with generally acceptable construction practices, applicable building codes, and accepted structural and other engineering and industry-standard criteria.

19. The Underlying Plaintiffs also allege Charter failed to complete all work in conformance with the covenants, representations, and warranties contained in the public offering statement and other public documents.

20. The Joinder Complaint filed by Charter alleges Salamander was actively involved in the stucco work performed at Underlying Plaintiffs' residences.

21. Charter avers that at all times Salamander was responsible for the installation, inspection, repair, maintenance, and control of the exterior cladding system, which is the subject matter of the Underlying Plaintiffs' claims.

22. Charter alleges that any damages sustained by the Underlying Plaintiffs were not the result of any action or inaction on their part, but were instead due to the breach of contract, breach of warranty, negligence, breach of consumer protection laws, action and/or inaction on the part of Salamander.

B. **American Western Homes Insurance Company's Policies of Insurance**

23. Effective August 8, 2005 through August 8, 2006, American issued a Commercial General Liability policy, number QH002730D to Salamander. See American policy number QH002730D attached as Exhibit "C".

24. The policy was renewed and American issued a Commercial General Liability policy, number QH0003548E, to Salamander with effective dates of August 8, 2006 through August 8, 2007. See American policy number QH0003548E attached as Exhibit "D".

25. Policy QH0003548E was canceled as of October 23, 2006 at Salamander's request.

26. The policy declarations, endorsements, definitions, exclusions, and other policy language are identical in both policies.

27. In relevant part, the policies provide:

**COMMERICAL GENREAL LIABILITY COVERAGE FORM**

\*          \*          \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will provide those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   \*          \*          \*

2. **Exclusions**

   This insurance does not apply to:

   \*          \*          \*

   b. **Contractual Liability**

   "Bodily injury" or "property damage" for which the Insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   **(1)** That the insured would have in the absence of the contract or agreement; or

  **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contact", reasonable attorney's fees and necessary litigation expenses incurred by or for a party other than an uninsured or deemed to be damages because of 'bodily injury" or "property damages", provided:

   **(a)** Liability to such party for, or the cost of, that party's defense has also been assumed in the same "insured contract", and

   **(b)** Such attorney's fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

     \*    \*    \*

**j. Damage To Property**

"Property damage" to:

     \*    \*    \*

 **(5)** That particular part of real property in which you or any contactors or subcontractors working directly or indirectly on your behalf of performing operations, if the "property damage" arises out of those operations; or

 **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

     \*    \*    \*

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it included in "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*        \*        \*

**SECTION V – DEFINITIONS**

\*        \*        \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*        \*        \*

**16**. "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.** Does not include "bodily injury" or "property damage" arising out of:

        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

        **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

                      \*            \*            \*

**22.** "Your work":

    **a.** Means:

        **(1)** Your work or operations performed by you or on your behalf and;

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance, or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

                      \*            \*            \*

**EXTERIOR INSULATION AND FINISH SYSTEM (EIFS) EXCLUSION ENDORSEMENT**

**The following exclusion is added to Coverage A. and B.:**

This insurance does not apply to:

    **1.** Any "bodily injury," "property damage," or "personal and advertising injury" arising out of the design, manufacture,

> construction, fabrication, preparation, installation, application, maintenance or repair including remodeling, service correction, replacement, of an "exterior insulation and finish system" (EIFS) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such system.
>
> **2.** Any "bodily injury", "property damage" included in the "products-completed operations hazard" if the "bodily injury" or "property damage" is caused directly or indirectly by an "exterior insulation and finish system".

This exclusion also applies to:

> **1.** Any work or operations performed on any structure, conducted by or on behalf of any insured and for which any insured assumes liability in any part of any contract or agreement, regardless of whether such contract or agreement is an "insured contract."

Section V – DEFINITIONS is amended to include:

> **20.** "Exterior insulation and finish system" (EIFS) means a synthetic stucco, non-load bearing exterior wall cladding or finishing systems and all component parts therein used on any part of any structure, and consisting of:
>
> **a.** A rigid or semi-rigid insulation board made of expanded polystyrene or other polymeric materials; and
>
> **b.** The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate; and
>
> **c.** A reinforced or unreinforced base coat; and
>
> **d.** A finish cost providing surface texture and color; and
>
> **e.** Any flashing caulking or sealant used with the system.

*          *          *

## EXCLUSION - MOLD

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

> A. The following exclusion is added to part 2., Exclusions of COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY and to part 2., Exclusions of COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY (Section I-Coverages):
>
> This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising from or associated in any way with the actual or threatened occurrence of, growth of, release of, transmission of, migration of, dispersal of, decontamination of, remediation of or exposure to "mold". This includes, but is not limited to "bodily injury," "property damage," "personal injury" or "advertising injury":
>
> > (1) arising from or associated in any way with actual or threatened "mold" at or upon any real property, personal property, product, or any other tangible property of any "insured" or any other person(s) or organization(s) located anywhere in the world;
> >
> > (2) arising from or associated in any way with any actual or threatened inhalation of, exposure to, absorption or ingestion of, or physical contact with "mold";
> >
> > (3) arising from or associated in any way with any testing, monitoring, clean-up, remediation, treatment, removal or neutralization of "mold", including any associated costs or expenses; or
> >
> > (4) arising from or associated in any way with any error or omission in supervision, instructions, recommendations, notices, warnings or advice, given or which should have been given in connection with "mold."
>
> "Mold" means any mold, fungus or mildew of any type, including any associated spores. This includes, but is not limited to, "mold" that can cause or threaten to cause harm to any living organism (such as Stachybotrys and others), "mold" that can cause damage or threaten to cause damage to tangible property (such as wet or dry rot and others), and "mold" that can cause or threaten to cause physical deterioration, loss of use, and/or loss of value to any tangible property.

28. Salamander has demanded insurance benefits for the claims asserted against it in the Joinder Complaint filed by Charter.

29. On July 23, 2021, American issued a Disclaimer/Denial of Coverage letter to Salamander relying on various policy provisions, exclusions, and endorsements.

## CLAIM FOR DECLARATORY RELIEF

30. American incorporates herein by reference all prior paragraphs of this Complaint as if set forth herein and at length.

31. An actual controversy exists as to whether, based on the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the policies at issue, American has an obligation to defend and indemnify Salamander for the claims asserted against it in the Underlying Action.

32. Plaintiff American seeks a declaration that it owes no coverage to Salamander for the claims asserted by Charter in the Underlying Action based upon the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the policies at issue.

33. The subject policies only apply to "property damage" caused by an "occurrence".

34. Pursuant to the terms of the policies, an "occurrence" is an accident.

35. It is well established that faulty workmanship in construction defect actions do not constitute an "occurrence" under the terms of Commercial General Liability policies.

36. The claims asserted against Salamander do not constitute an "occurrence" as defined by the policies.

37. Therefore, there is no duty to defend or indemnify Salamander for the claims asserted against it.

38. The subject policies preclude coverage for "property damage" to the part of real property on which Salamander was working on that must be restored, repaired, or placed because its work was incorrectly performed.

39. The Underlying Action avers damage to property as a result of work performed improperly by Salamander.

40. Therefore, the Damage to Property Exclusion precludes coverage to Salamander for the claims asserted against it in the Underlying Action.

41. The Underlying Action avers there may be the presence of mold in the properties as a result of the water intrusion.

42. The Mold Exclusion precludes coverage for any property damage arising from actual or threatened mold.

43. Therefore, the Mold Exclusion precludes coverage to Salamander for claims for property damage as a result of actual or threatened mold.

44. The Underlying Action seeks damage for repair or replacement of the stucco at the properties.

45. The Damage to Your Product Exclusion precludes coverage to Salamander for the cost to replace or repair the stucco.

46. Therefore, the Damage to Your Product Exclusion precludes coverage to Salamander for claims for the replacement or repair of the stucco.

47. The Exterior Insulation and Finish System (EIFS) Exclusion Endorsement precludes coverage for any property damage arising out of the installation or application of the synthetic stucco.

48. Therefore, Exterior Insulation and Finish System (EIFS) Exclusion Endorsement precludes coverage for property damage arising out of the installation or application of the synthetic stucco.

49. Under the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language in the Policy at issue, coverage is excluded for the loss described above.

50. Plaintiff American reserve the right to amend and/or supplement the allegations with regard to coverage as this litigation progresses.

WHEREFORE, Plaintiff American Western Home Insurance Company respectfully request Declaratory Relief, pursuant to applicable law, in the form of an Order that:

a. Plaintiff American has no duty under policies numbers QH002730D and QH0003548E to defend or to pay defense costs to or on behalf of Salamander Stucco, LLC with regard to the claims asserted against Salamander Stucco, LLC. in the Underlying Action arising from construction work performed at the Mill Creek Development in Lancaster, Pennsylvania;

b. Plaintiff American has no duty under policies numbers QH002730D and QH0003548E to indemnify Salamander Stucco, LLC with regard to the allegations in the Underlying Action, or any other action asserted by any party as a result of construction work performed at the Mill Creek Development in Lancaster, Pennsylvania;

c. Plaintiff American has no duty under policies numbers QH002730D and QH0003548E to pay any monies to or on behalf of Salamander Stucco, LLC with regard to the Underlying Action or on any other action asserted by any other party relating to the construction work performed at the Mill Creek Development in Lancaster, Pennsylvania; and

      d.      Such further relief as deemed appropriate by the Court.

Respectfully submitted,

**WRIGHT & O'DONNELL, P.C.**

By: _____
     Sheila E. O'Donnell, Esquire
     Daniel S. Strick, Esquire
     725 Skippack Pike, Suite 230
     Blue Bell, PA 19422
     Phone: (610) 940-4092
     Facsimile: (610) 940-4001
     *Attorneys for American Western Home Insurance Company*

Date:  August 5, 2021