IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN WESTERN HOME INSURANCE COMPANY, : <br>    Plaintiff, : <br> : <br> v. : <br> : <br> SALAMANDER STUCCO, LLC, : <br>    Defendant. : | Civil No. 5:21-cv-03490-JMG |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                    **June 22, 2022**

**I.     INTRODUCTION**

Plaintiff American Western Home Insurance Company ("American") requests declaratory relief from their duty to defend and indemnify Defendant Salamander Stucco, LLC, following Defendant's allegedly defective construction work. Complaint ¶ 50, ECF No. 1. Default was entered against Defendant for failing to respond to the Complaint on October 6, 2021. Plaintiff now moves for default judgment on the grounds that Defendant has failed to plead or otherwise defend this action. For the reasons set forth herein, default judgment is granted.

**II.    BACKGROUND**

According to the Complaint, Plaintiff issued a Commercial General Liability policy to Defendant. Complaint ¶¶ 23-25. In relevant part, the policy provide coverage for bodily injury and property damage liability, contractual liability, property damage, product damage, and work damage. *Id.* ¶ 27. The policy also has exclusions for exterior insulation, finish systems, and mold. *Id.*

The controversy in this case is whether Plaintiff has an obligation to defend and indemnify Defendant for the claims asserted against it in the Underlying Action.[1] Plaintiff seeks a declaration that it owes no coverage to Defendant for the claims asserted in the Underlying Action. *Id*. ¶ 32. Specifically, Plaintiff alleges there is no duty to defend or indemnify under their policy for any of the allegations related to property damage sustained by Underlying Plaintiffs because there has not been an "occurrence" as defined by the policy. *Id*. ¶¶ 36-37.

The Underlying Plaintiffs, the original purchasers and current owners of Carriage Homes constructed within the Mill Creek real estate developments, contend the damage was caused by faulty workmanship in the construction of the buildings. *Id*. ¶ 17. In the Underlying Action they aver damage to property as a result of work performed improperly by Defendant. *Id*. ¶ 8.

Underlying Defendants, Charter Homes at Mill Creek, Inc., and Charter Homes Building Company, (collectively "Charter") filed a Joinder Complaint against Defendant. *Id*. ¶ 11. The Joinder Complaint avers Defendant was responsible for performing all work relating to stucco and is liable for all alleged damages caused by the deficient installation of the stucco. *Id*. ¶ 15.

Subsequently, Defendant demanded insurance benefits for the claims asserted against it in the Joinder Complaint. *Id*. ¶ 28. Shortly thereafter, Plaintiff issued a Disclaimer/Denial of Coverage letter to Defendant. *Id*. ¶ 29. Plaintiff then filed its Complaint for Declaratory Judgment against Defendant on August 5, 2021 and its Motion for Entry of Default Judgment on November 10, 2021. Defendant has failed to Answer the Complaint for Declaratory Judgment or respond to Plaintiff's Motion for Entry of Default Judgment.

### III. LEGAL STANDARD

---

[1] The Underlying Action refers to the state lawsuit filed against Defendant for property damage and faulty workmanship in the Lancaster Court of Common Pleas. *Ament, et al. v. Charter Homes, et al. v. Salamander Stucco, et al.*, No. CI-20-04502 (Lanc. Cty Ct. Com. Pleas).

### A. Declaratory Judgment

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). In light of the underlying state suit, this Court has jurisdiction to consider whether Plaintiff has a duty to defend, and it will exercise that jurisdiction.

While the question of whether an insurer has a duty to indemnify is generally "not ripe for adjudication until the insured is in fact held liable in the underlying suit," *Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, No. 13-2961, 2013 U.S. Dist. LEXIS 176592, at *19-20 (E.D. Pa. Dec. 16, 2013) (citing *Heffernan & Co. v. Hartford Ins. Co.*, 614 A.2d 295, 298 (Pa. Super. 1992)), because a duty to indemnify cannot exist without a duty to defend, if the Court concludes that Plaintiff has no duty to defend, it must necessarily hold that there is no duty to indemnify either, *see Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999); *Westfield Ins. Co. v. Bellevue Holding Co.*, 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012) (holding that because the insurer had no duty to defend, it necessarily had no duty to indemnify, and was therefore entitled to a declaratory judgment on the indemnification count as well).

### B. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when a default has been entered by the Clerk of Court. *See* Fed. R. Civ. P. 55(b)(2). Entry of default judgment is a matter within the sound discretion of the district court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Prior to entering default judgment, the court must determine the following general requirements: (1) that it has personal

jurisdiction over the defaulting defendant; (2) that proper service of process was made upon the defaulting defendant; (3) that the complaint contains facts necessary to state a cause of action; and (4) damages.  See *D'Onofrio v. Mattino*, 430 F. Supp. 2d 431, 436 (E.D. Pa. 2006).  "Where a court enters a default judgment, the factual allegations of the complaint … will be taken as true." *DirecTV Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

Next, because default judgments are disfavored the court must weigh the *Chamberlain* factors. In *Chamberlain*, the Court held that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2]  "Prejudice exists if circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable."  *Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991).  A "meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'"  *Hritz*, 732 F.2d at 1181; *Accu-Weather, Inc.*, 779 F. Supp. at 802 ("A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery.").  "The third issue is culpable conduct. The standard is the willfulness or bad faith of the defendant." *Craftmatic/Contour Org., Inc. v. Bedmatic Mfg.*, 1985 U.S. Dist. LEXIS 15307, *6 (E.D. Pa. 1985).  Culpable conduct is evidenced by "flagrant bad faith." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987).

---

[2]     See *Young v. City of Chester*, 764 F. App'x 262, 266 (3d Cir. 2019) (concluding that although *Chamberlain* "concerned the standard for granting the entry of default judgment rather than vacating the entry of default, the test is the same") (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

### C. Property Damage

It is well settled that claims of faulty workmanship in construction defect and property damage actions do not constitute an "occurrence" under the terms of Commercial General Liability policies. *See Kvaerner Metals Div. of Kvaerner U.S., Inc., v. Commercial Union Ins. Co.,* 589 Pa. 317, 335-336 (2006) ("We hold that the definition of "accident" required to establish an "occurrence" under the policies cannot be satisfied by claims based upon faulty workmanship."); *see also Pa. Nat'l. Mut. Cas. Ins. Co. v. Parkshore Dev. Corp.*, 403 Fed.Appx. 772 (3d. Cir. 2010) ([There is no] "'occurrence' where faulty workmanship causes damage to the completed project itself."); *Specialty Surfaces International, Inc. v. Continental Casualty Co.*, 609 F.3d 223 (3d. Cir. 2010) ("Because [the defects] are not caused by an accident … they are not a covered "occurrence" under the insurance policy.").

### IV. ANALYSIS

Accepting the allegations of the Complaint as true, this Court finds that it has personal jurisdiction over Defendant pursuant to 28 U.S.C. 1332(a)(1), that proper service of process was made upon Defendant on August 19, 2021, as detailed in the affidavit of service (ECF No. 2), and that the Complaint contains facts necessary to state a cause of action for Plaintiff's claim.

"Under Pennsylvania law, insurers have 'a broad duty to defend lawsuits brought against those they insure.'" *Main St. Am. Assurance Co. v. Connolly Contractors, Inc.,* 2022 WL 596375, at *9 (E.D. Pa. Feb. 28, 2022) (quoting *Vitamin Energy, LLC v. Evanston Ins. Co.,* 22 F.4th 386, 388 (3d Cir. 2022)). "In deciding whether an insurer has a duty to defend its insured, Pennsylvania follows the "four corners" rule, which requires that courts compare the four corners of the insurance contract to the four corners of the complaint." *Id*. (quoting *Lupu v. Loan City, LLC,* 903 F.3d 382, 389 (3d Cir. 2018)). "A court must look to the facts alleged in the underlying complaint,

5

not the cause of action pled." *Id*. (quoting *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 517 (3d Cir. 2012)). Therefore, "if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy," the insurer has a duty to defend. *Id*. (quoting *Am. & Foreign Ins. Co., v. Jerry Sport Center*, 606 Pa. 584, 2 A.3d 526, 541 (2010)).

The main issue raised in this case is whether the property damage alleged in the underlying claims and the Joinder Action was caused by an "occurrence". To find a duty to defend in the underlying actions, the property damage at issue must have been caused by an "occurrence" as defined in the policy and under Pennsylvania law. Plaintiff has pled no duty to defend because the underlying actions for which Defendants seek a defense do not trigger coverage under the Policies. The claims in all the underlying homeowner actions against Defendant Charter, and Charter's Joinder Actions against Defendant concern faulty workmanship that is not an "occurrence" as set forth in the Policies or an "occurrence" under Pennsylvania law. *See Main St. Am. Assurance Co. v. Connolly Contractors, Inc.,* 2022 WL 596375, at *9 (E.D. Pa. Feb. 28, 2022).

Therefore, Plaintiff has adequately pled there is no duty to defend or indemnify Defendant for the claims asserted against it. Additionally, Plaintiff adequately alleges that its Damage to Property Exclusion precludes coverage to Defendant for claims for the replacement or repair of the stucco, its Mold Exclusion precludes coverage for property damage as a result of actual or threatened mold, and its Exterior Insulation and Finish System Exclusion Endorsement precludes coverage for property damage arising out of the installation or application of the synthetic stucco.

A.     The *Chamberlain* factors

Because Plaintiff has met the general requirements for default judgment as to its claim for declaratory relief, the Court must weigh the three *Chamberlain* factors in deciding whether to grant default judgment.

First, because Defendant has completely failed to respond, Plaintiff has no way to vindicate its rights and will therefore be prejudiced if default judgment is denied. *See Einhorn v. Klayman Produce Co.*, No. 13-1720, 2013 U.S. Dist. LEXIS 176590, at *9 (E.D. Pa. Dec. 16, 2013) ("Defendant's lack of participation in this action continues to cause prejudice to Plaintiff."); *Ins. Co. v. Cobb*, No. 1:11-cv-1877, 2012 U.S. Dist. LEXIS 90366, at *5 (M.D. Pa. June 28, 2012) (same). The factor weighs in support of default judgment.

Second, because Defendant failed to respond, this Court is unable to determine whether it has a litigable defense. However, this Court can perceive of no possible defense. Accordingly, this factor also supports default judgment.  *See Duehr ex rel. Steelworkers Pension Tr. v. Marriott Hotel Mgmt. Co. Vi*, No. 10-4342, 2011 U.S. Dist. LEXIS 15020, at *3-4 (E.D. Pa. Feb. 10, 2011) (stating that because the defendant had not submitted any responsive pleadings, "this court can conclude only that it has no litigable defense"); *see also Wells Fargo Fin. Leasing, Inc. v. Target Ad, Inc.*, No. 09-340, 2010 U.S. Dist. LEXIS 28386, at *3 (E.D. Pa. Mar. 24, 2010) ("[A]s the defendant has not submitted any responsive pleadings, the court must assume it has no litigable defense."). The factor tends to weigh in support of default judgment.

Third, in the complete absence of any contact from Defendant, the Court cannot find that Defendant is anything more than negligent. *See Hill v. Williamsport Police Dep't.*, 69 F. App'x 49, 52 (3d Cir. 2003) (finding that the plaintiff "offered no reason to believe that the defendants acted willfully or in bad faith, and there was nothing in the record suggesting the defendants were more than negligent"). "Because the courts do not favor defaults, a party's culpable conduct cannot

be inferred from the default but must appear independently from the default." *E. Elec. Corp. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 551-52 (E.D. Pa. 2009) (internal quotations omitted). Although service of the Complaint is proper service under the law, there is no evidence of culpability. *See Liberty Bell Equip. Corp. v. Coastal Tool Supply, LLC*, No. 18-3019, 2018 U.S. Dist. LEXIS 191966, at *10 (E.D. Pa. Nov. 8, 2018) (determining that because there was no evidence of record regarding the defendant's culpability other than the default itself, the defendant was, at most, negligent). This factor therefore weighs against default judgment.

Having weighed the *Chamberlain* factors, this Court finds that under the facts of this case, default judgment is warranted. Unlike the case relied upon in *Chamberlain*, Defendant has not appeared and moved to lift a default. *See Hill,* 69 F. App'x at 51-52. Rather, it has failed to appear entirely so there is no possibility of a decision on the merits. The existence of prejudice is therefore substantial because the case can never move forward. Further, Defendant has not submitted any defenses to evaluate, and the facts do not suggest that it would have any litigable defense. Accordingly, although the third factor weighs against the issuance of default judgment, this Court finds that based on all the circumstances of this case default judgment is warranted.

### V.     CONCLUSION

Plaintiff has adequately stated a claim for declaratory relief. Considering the prejudice to Plaintiff if default judgment is not granted, as well as the absence of any apparent litigable defense, the Court finds that the *Chamberlain* factors support the entry of default judgment. The motion for default judgment is therefore granted. A separate order will be issued.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge